## NIEDERLUECKE v. UNITED STATES.
### No. 8854.

Circuit Court of Appeals, Eighth Circuit.

March 6, 1931.

William R. Lay, of Steelville, Mo. (Paul A. Richards, of St. Louis, Mo., on the brief), for appellant.

C. J. Stattler, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

STONE, Circuit Judge.

This is an appeal from a conviction for interstate transportation of a stolen automobile from St. Louis, Mo., to Madison, Ill.

The appellant urges two matters here: First, insufficiency of the evidence; and, second, error in the charge of the court.

I. The argument in support of the insufficiency of the evidence is directed to the point that the evidence did not show that appellant had knowledge that the car which he admittedly transported from St. Louis, Mo., to Madison, Ill., was a stolen car. The evidence shows that this car was stolen on October 28, 1925, between 10 and 12 o'clock forenoon from a place where it was parked near 2123 Locust street, St. Louis, Mo.; that appellant was seen very near that address standing on Locust street shortly after ten o'clock that morning; that he took this car over to Madison, Ill., from St. Louis, Mo., on the morning of November 16th. The argument is that this evidence was not sufficient to establish knowledge upon his part that the car was stolen when he transported it. The evidence is sufficient. Defendant denies he was on Locust street that day and presented testimony intended to show innocent possession of the car, but the jury were entitled to disbelieve his evidence and believe that of two witnesses who testified to seeing him there at that time. The jury were justified in finding that he was there at about the time the car was stolen. This, in connection with his denial that he was there and his later possession of this very car, was sufficient to justify the conclusion by the jury that he had full knowledge as to the car being stolen. It is well established that the unexplained possession of stolen property shortly after the theft is sufficient to justify the conclusion by a jury of knowledge by the possessor that the property was stolen. The facts in the present case are very much stronger, for they add to this presumption the fact that the one later found in possession was present at the place and at about the time the theft was committed.

II. The contention as to the charge is based upon the following: At the conclusion of the charge the court called for suggestions, whereupon occurred the following:

"Mr. Richards: If the Court please, in view of the fact that the evidence in this case is in part circumstantial, we will ask the Court to charge the jury that if they find the evidence is as consistent with the defendant's innocence as it is with guilt, then it is their duty to acquit him.

"The Court: I think, in defining circumstantial evidence, I caused that thought to enter into the definition; more strongly, perhaps, than the mere suggestion of counsel. I shall rest upon what I have charged in that behalf.

"Mr. Richards: We will save our exceptions to the Court's failure in that."

In the course of the charge and in connection with a definition of circumstantial evidence, the court said:

"The facts and circumstances from which these inferences are drawn ought to be consistent with each other, consistent with the guilt of the defendant, and wholly inconsistent with any reasonable theory of defendant's innocence."

This statement sufficiently covered the matter to which the court's attention was directed as above.

The judgment of conviction should be, and is, affirmed.