## UNITED STATES v. RUFFINO.

### No. 98.

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1933.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (John K. Gerken, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

William B. Mahoney, of Buffalo, N. Y., for defendant.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The appellant was convicted of knowingly passing a counterfeit $10 note as an obligation of the United States, to wit, a Federal Reserve note. The charge is that he well knew the note to be a false and counterfeit bill. The statute makes it unlawful for one with intent to defraud to pass such a counterfeit bill. Cr. Code, § 151 (18 USCA § 265).

On February 15, 1933, at 3 o'clock in the morning, the appellant purchased some drinks in a saloon, in Lackawanna, N. Y., and gave the bartender a $5 bill, receiving $3.50 in change. He purchased another round of drinks for $1.75 and tendered the counterfeit bill, and received in change $8.25. Both of these bills the bartender placed in the pocket of the trousers of the owner of the saloon, who had retired for the night. This he did by going upstairs to the owner's apartment. Apparently the bartender had not discovered by his inspection that it was a counterfeit bill.

The proprietor of the saloon the next day returned the bill to the bartender, and the latter placed it under a board in the kitchen. That evening a government agent with a local police officer entered the premises and received it from the bartender. The bartender placed his identifying mark on it, and, as a witness, identified the bill as that received from the appellant. The proprietor testified to finding the bill in his pocket, stating that he kept single dollar bills and change there for use in making change for customers, and that he saw the bartender come to make such change during the night at least three times. Appellant was later arrested and questioned by the government's agent, and said that he knew nothing about the counterfeit bill and that he had not been in the saloon that night. The agent testified that appellant stated that he did not know the bartender and did not pass the bill to him.

It was essential to the government's case to establish by some evidence appellant's knowledge that the note was a counterfeit bill and was uttered or passed with intent to defraud. United States v. Carll, 105 U. S. 611, 613, 26 L. Ed. 1135; Zottarelli v. U. S., 20 F.(2d) 795 (C. C. A. 6); Hagan v. United States, 295 F. 656 (C. C. A. 6); Gallagher v. United States, 144 F. 87 (C. C. A. 1). There is no presumption of guilty knowledge, and evidence is required beyond proving the passing of the spurious obligation. Matchok v. United States, 60 F.(2d) 266 (C. C. A. 3); Zottarelli v. United States, supra. Intent to defraud must also be shown. United States v. Moses, 27 Fed. Cas. page 5, No. 15,825. If the evidence here does not sufficiently connect the defendant with the offense of knowingly passing the counterfeit note, it is our duty to reverse the conviction. Tresca v. United States, 183 F. 736 (C. C. A. 2). The jury could have found on the evidence that appellant passed the note to the bartender, but that circumstance alone does not permit us to presume guilty knowledge or intent to defraud which must be proved beyond a reasonable doubt. We have examined the note, which was presented on the argument, and a prudent person might well have thought it to be genuine. Although the bill admittedly is a counterfeit, there is lacking evidence as to knowledge of its being a counterfeit on the part of the appellant. There is no evidence offered pointing out a distinction between this counterfeit bill and a genuine $10 bill which might have guided the jury and permitted it to legally draw a comparison which would have shown knowledge on the part of the appellant from his possession alone.

There are no circumstances from which a jury might reasonably find guilty knowledge or intent to defraud. The fact that previous to his changing the $10 counterfeit note, in payment of his obligation, he changed a $5 note to pay another obligation, is as consistent with innocence as it is with the claim of guilty knowledge of the character of the note.

As stated in United States v. Carll, supra, "Knowledge that the instrument is forged and counterfeited is essential to make out the crime. * * *" The right to a directed verdict was insisted upon by a motion made to dismiss the charge, which the court below denied. The motion should have been granted under this state of the evidence.

Judgment reversed.