## GIARDANO v. UNITED STATES.

### No. 10072.

Circuit Court of Appeals, Ninth Circuit.

Oct. 15, 1943.

Morris Lavine, of Los Angeles, Cal., for appellant.

Charles H. Carr, U.S. Atty., and Mildred L. Kluckhohn, Asst. U.S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 2(g) of the Federal Firearms Act, 15 U.S.C.A. § 902(g), which provides: "It shall be unlawful for any person to transport or ship or cause to be transported or shipped in interstate or foreign commerce[1] any stolen firearm[2] or ammunition, knowing, or having reasonable cause to believe, same to have been stolen." Section 5 of the Act, 15 U.S.C.A. § 905, provides that any person violating any provision of the Act "shall, upon conviction thereof, be fined not more than $2,000, or imprisoned for not more than five years, or both." The indictment charged that appellant, "on or about June 18, 1941, did knowingly, wilfully, unlawfully and feloniously transport and cause to be transported in interstate commerce, that is to say, from [Los Angeles, California, to Collinsville, Illinois], a certain stolen firearm, to-wit, a .32-20 calibre Smith & Wesson revolver No. 11804, knowing the same to have been stolen." Appellant was arraigned, pleaded not guilty and was tried. At the close of the evidence, he moved for a directed verdict. His motion was denied. He excepted, was convicted, was sentenced and has appealed.

Appellant assigns as error the denial of his motion for a directed verdict. The ground of the motion was that the evidence was insufficient to warrant submission of the case to the jury. There was evidence that the revolver described in the indictment was stolen from G. E. Anderson in Oakland, California, in February, 1939, was in appellant's possession in Los Angeles, California, on June 18, 1941, and was transported by appellant from Los Angeles, California, to Collinsville, Illinois, between June 18, 1941, and July 10, 1941, but there was no evidence that appellant knew that the revolver was stolen. Appellee invokes the rule that unexplained possession of recently stolen property "justifies the inference that the possession is guilty possession."[3] The rule is inapplicable; for, although appellant's possession was unexplained, the stolen revolver was not recently stolen, but was stolen 28 months before the date on which it was shown to have been in appellant's possession. Such possession was too remote to justify the claimed inference.[4] The motion for a directed verdict should have been granted.

Judgment reversed.

HEALY, Circuit Judge (dissenting).

I think that under all the circumstances of this case the question of guilt was for the jury.

---

[1] Section 1(2) of the Act, 15 U.S.C.A. § 901(2) defines "interstate or foreign commerce" as including "commerce between any State * * * and any place outside thereof."

[2] Section 1(3) of the Act, 15 U.S.C.A. § 901(3) defines "firearm" as including "any weapon, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosive."

[3] Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090. See, also, Boehm v. United States, 2 Cir., 271 F. 454, 457; Rosen v. United States, 2 Cir., 271 F. 651, 655; Donegan v. United States, 2 Cir., 287 F. 641, 647; Weisman v. United States, 8 Cir., 1 F.2d 696, 698; Loftus v. United States, 7 Cir., 46 F.2d 841, 845–846; Niederluecke v. United States, 8 Cir., 47 F.2d 888, 889; Bruce v. United States, 8 Cir., 73 F.2d 972, 974; United States v. Seeman, 2 Cir., 115 F.2d 371, 374.

[4] Cf. Van Gorder v. United States, 8 Cir., 21 F.2d 939, 941.