**NICHOLSON v. UNITED STATES.**

No. 10046.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1944.

Morris Lavine, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted under an indictment containing three counts charging violations of the Federal Firearms Act, Act of June 30, 1938, 52 Stat.L. 1250, 15 U.S. C.A. § 901 et seq.

Because of intervening adverse decisions of this and the Supreme Court[1] the government confesses error in respect of the conviction on counts two and three. The judgment must accordingly be reversed as to those counts. There remains for consideration count one, which charges the felonious transportation in interstate commerce in the year 1941 of a certain described firearm, the accused having been theretofore on September 13, 1928, at Los Angeles, California, "convicted of a crime of violence, to wit, first degree burglary."

On the trial the government proved that appellant was convicted in 1928 in the Superior Court for Los Angeles County, California, of the crime of robbery of the first degree. The court admitted the exemplified copy of the judgment of conviction over the objection of appellant, and later charged the jury that the words "first degree burglary," as contained in count one of the indictment, were merely descriptive and surplusage, and that if the accused was found to have been convicted in the Los Angeles County Superior Court of the crime of robbery of the first degree then they should find that he had been convicted of a crime of violence within the meaning of the Federal Firearms Act. It is here contended that the instruction amounted to an unauthorized amendment of the indictment within the principle of Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849. We have not, however, considered this point, for we do not reach it.

The charge embraced in count one was laid under § 2(e) of the Act, providing that "it shall be unlawful for any person who * * * has been convicted of a crime of violence * * * to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition." Subdivision (6) of the first section of the Act states that "the term 'crime of violence' means murder, manslaughter, rape, mayhem, kidnaping, burglary, housebreaking; assault with intent to kill, commit rape, or rob; assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year." Does proof of a prior conviction of robbery satisfy the requirements of these provisions? We think not.

Unquestionably, robbery as understood at common law is a crime of violence. So, also, is robbery of the first degree as defined by the California statute. Section 211 of the California Penal Code defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." And section 211a declares that "all robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree."

But for present purposes, in order to determine what offenses are crimes of violence we are obliged to look solely to the Federal Act. Congress did not leave the answer to that inquiry to conjecture or collateral investigation. It was meticulous in its definition of the term, as well it might be in the formulation of penal legislation having a purpose so novel and definite as this. Subdivision (6) of § 1 was plainly intended to be an exclusive enumeration of the crimes conviction of any of which would, under § 2(e), render unlawful the subsequent transportation of a firearm by the convicted person. Robbery, although perhaps the most characteristic of all gangster crimes, is not one of the enumerated offenses.[2]

True, the crime of assault with intent to rob is enumerated; and the government suggests that since such an assault

---

[1] Giardano v. United States, 9 Cir., 139 F.2d 198, and Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519.

[2] In Tot v. United States, 319 U.S. 463, at page 465, 63 S.Ct. 1241, at page 1244, 87 L.Ed. 1519, the court in a footnote stated that "armed robbery is a crime of violence as defined in § 1 (6) of the Act." The court was not there considering the question presented here, and the statement in the footnote was presumably inadvertent.

is an essential element of the completed offense of robbery of the first degree, it must follow that appellant was shown to have committed the included offense. But assault with intent to commit robbery is a distinct crime, punishable as such both at common law and under the state statute.[3] Proof that appellant was guilty of that crime is not enough, for § 2(e) would reach him only if he had been actually convicted thereof.[4] Appellant was not so convicted, although presumably he might have been had the facts involved in the state charge fallen short of establishing a completed robbery. The federal court, on the showing before it, can no more say that appellant was convicted of assault with intent to rob than it can supply the word "robbery," so strangely missing from the Act. Either enterprise is equally beyond the judicial power.

We need not labor the point. Section 1(6) specifies "murder" and "assault with intent to kill," "rape" and "assault with intent to commit rape." Thus Congress thought it essential, where it desired to proscribe both, to name specifically both the completed crime and the crime of assault with intent to commit it.

Reversed.

---

[3] Section 220, California Penal Code.

[4] Compare, however, Cases v. United States, 1 Cir., 131 F.2d 916, 925, where the prior conviction was for an aggravat-

ed assault and battery punishable by imprisonment in excess of one year. The conviction was held to fall within the last clause of § 1(6).