### ANDREWS v. UNITED STATES.

#### No. 11635.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1946.

Rehearing Denied Dec. 16, 1946.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Allen E. Lockerman and Jas. T. Manning, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Appellant Andrews was convicted under 18 U.S.C.A. § 72, of possessing and uttering three forged automobile tire certificates,

knowing them to be forged. The sole point presented by this appeal is whether the evidence authorized the jury to find that he knew the certificates were forged. The evidence was that during the recent period of tire rationing the rationing boards issued to the tire users certificates which when a tire was bought were endorsed and delivered to the authorized tire dealers. The dealers in turn could use the "replacement portion" of the certificates with the tire makers to replace the tires sold. Three forged replacement certificates were found in the hands of a tire dealer in Alabama. He told the investigators that he bought them from one Weathers. Weathers testified that one Mills in his presence bought them for him from appellant at appellant's home in Georgia. Mills so testified also, the time being about the date of the false certificates. It was proven that appellant ran a grocery store and was not an authorized tire dealer, and the certificates were not indorsed by the persons named in them. Appellant offered himself as a witness, but instead of explaining how he came by the certificates, denied that he ever had them in his possession or delivered them to Mills; he said he knew Mills as a grocery customer and did not know any reason why Mills and Weathers would wish to hang something on him.

 If appellant had remained silent, the situation might somewhat resemble that in which proof that one found in possession of goods recently stolen who makes no sufficient explanation of his possession may support a conviction of him as the thief. But here there is the additional fact that Andrews instead of explaining resorted to false testimony, as the jury evidently believed and were justified in believing. In criminal prosecutions the conduct of the accused with reference to the criminal charge may be considered. 20 Am.Jur., Evidence, § 284. "An attempt to fabricate evidence is receivable as evidence of one's guilt of the main facts charged. Such fabrication is in the nature of an admission, for it will not be supposed that an innocent person would feel the necessity for fabricating evidence." [1] Id. § 289. Possession of the fruits of the crime shortly after or during its commission tends to show guilt and may require explanation. Id. § 300.

Application of these principles in proving guilty knowledge in receiving or transporting stolen property may be seen in Niederluecke v. United States, 8 Cir., 47 F.2d 888; United States v. Di Carlo, 2 Cir., 64 F.2d 15; Bruce v. United States, 8 Cir., 73 F.2d 972; McAdams v. United States, 8 Cir., 74 F.2d 37; Najjar v. United States, 5 Cir., 152 F.2d 965, decided Jan. 12, 1946. The mere passing of a counterfeit note has been held not to prove knowledge that it was counterfeit, United States v. Ruffino, 2 Cir., 67 F.2d 440. But the circumstances, including a false explanation, may be sufficient, Zottarelli v. United States, 6 Cir., 20 F.2d 795. See Gallagher v. United States, 1 Cir., 144 F. 87. Here Andrews was in possession of the forgeries soon after they were dated, issued to persons other than himself and not indorsed, which he, not being a tire dealer, could not rightfully have acquired. He sells them at his home, for $10 each, to one who also could not rightfully acquire them from him. When they are traced back to him as forgeries, he makes no explanation as to how he came by them, and resorts to false testimony that he had never had them. A jury might conclude that he knew they were forgeries when he sold them.

 It is argued that he might have resorted to falsehood to screen himself from some fault in having them other than their being forgeries. But he has not taken that position or made that claim. The jury thought otherwise. The question was properly submitted to them. No complaint is made of the court's charge to the jury.

Judgment affirmed.

---

[1] See also Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528.