**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wallace David ELEY,**
**Defendant-Appellant.**

No. 83–8007.

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1984.

Lawrence K. Nodine, court appointed, Atlanta, Ga., for defendant-appellant.

Steven R. Wisebram, Julie Carnes, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before HILL and CLARK, Circuit Judges, and LYNNE *, District Judge.

JAMES C. HILL, Circuit Judge:

A trailer loaded with stoves in Georgia and bound for Texas was stolen from a parking lot in Georgia. The appellant Wallace David Eley was apprehended in Tennessee with the stolen trailer attached to a road tractor. Eley was charged and convicted of stealing from an interstate shipment, in violation of 18 U.S.C. § 659 (1976), and of transporting stolen goods in inter-

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

state commerce, in violation of 18 U.S.C. § 2314 (1976), and appeals his convictions. Finding no error, we affirm.

## I

■ Eley first contends that under the facts of this case he could have been convicted of either theft or transportation but not both. Eley's contention raises two questions: (1) whether Congress intended that the crimes be prosecuted and punished cumulatively; and (2) if so, whether the double jeopardy clause is violated by the cumulative punishment. Section 659 of Title 18, United States Code, indicates that Congress intended the transportation of stolen goods in interstate commerce to be punishable as a separate offense.

> The carrying or transporting of any such money, freight, express, baggage, goods, cr chattels in interstate or foreign commerce, knowing the same to have been stolen, shall constitute a separate offense and subject the offender to the penalties under this section for unlawful taking . . . .

Since transportation is a separate offense under section 659, the fact that Eley's transportation conviction was obtained under a different code section, 18 U.S.C. § 2314, seems to be a matter of form rather than a violation of congressional policy.[1]

■ The remaining question is whether the imposition of cumulative punishments for theft and transportation violates the double jeopardy clause. In *Missouri v. Hunter*, —— U.S. ——, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983), the Court held that with respect to cumulative sentences imposed in a single trial, the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *See also Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981). Since Congress intended transportation of stolen goods in interstate commerce to be punishable as a separate offense, Eley's objection is without merit. *See United States v. Kalsbeck*, 625 F.2d 123 (6th Cir.) (government may charge theft of money, 18 U.S.C. § 659, and interstate transportation thereof, 18 U.S.C. § 2314, as separate offenses and penalize them separately), *cert. denied*, 449 U.S. 904, 101 S.Ct. 278, 66 L.Ed.2d 135 (1980).

## II

Eley also argues that the evidence at trial was insufficient to establish either the theft or the transportation offense. Appellant maintains that the evidence only showed possession of recently stolen goods and that, under this court's decision in *Cosby v. Jones*, 682 F.2d 1373 (11th Cir.1982), such evidence will not support a guilty verdict.

In *Cosby*, the court held that the bare fact of possession and pawning of stolen goods, absent some type of corroborating evidence or circumstances, does not give rise to an inference sufficient to support a defendant's conviction for burglary. The court observed that the defendant's explanations of his possession of the stolen goods was not seriously contradicted by any evidence of the government. *Id.* at 1382. The court further noted that the inference of stolen goods "is at its strongest when the defendant wholly fails to make a credible explanation or makes a demonstrably false explanation." *Id.* at 1382–83. Cosby's explanation of possession was found not so implausible or demonstrably false to give rise to positive evidence in favor of the prosecution. *Id.* at 1383 n. 19.

■ In the instant case, Eley's trial counsel did not renew his motion for judgment of acquittal at the close of the evidence; therefore, this court may reverse for insufficiency of the evidence only to prevent a manifest miscarriage of justice. *United States v. Doe*, 664 F.2d 546, 548 (5th

---

1. Eley might have had grounds for objection if he had received a more severe sentence under section 2314 than he would have been eligible for under section 659. Section 2314 authorizes the imposition of a fine of not more than $10,-000 or imprisonment of not more than 10 years, or both; section 659 authorizes a fine of not more than $5,000 or imprisonment of not more than 10 years, or both. Eley was sentenced to 3 years (to serve 6 months) on each count, sentences to run concurrently.

Cir. Unit B 1981). Also, in reviewing the sufficiency of the evidence, we are guided by the rule that all the evidence, direct and circumstantial, must be viewed in the light most favorable to the government, accepting all reasonable inferences and credibility choices that tend to support the jury's verdict. *United States v. Cardona,* 650 F.2d 54, 57 (5th Cir.1981).

With these standards in mind, we find that Eley offered the jury an incredible explanation of his possession of the stolen stoves. Eley voluntarily told the arresting officers that he came across an immobilized tractor trailer on Interstate 75 near a rest area at the Ottawah, Tennessee, exit and stopped to offer assistance. He claimed that the unknown driver of the disabled vehicle offered him $50.00 to haul the trailer to Johnson's Truck Stop in Chattanooga. Eley stated that he agreed and set out for the truck stop, but instead of going directly to the agreed location, he decided to proceed by an irregular route up Route 58 and eat at the Cattleman's Restaurant.

The government argued at trial that this explanation was false and presented evidence from which the jury could reasonably conclude likewise. The government's evidence proved that Eley .was arrested at approximately 2:00 p.m. near Highway 58 and the Cattleman's Restaurant where Eley told the law officers he was going to eat. The restaurant, however, did not open for business until 3 or 4:00 p.m. The government also showed that very soon after hearing Eley's explanation, the police dispatched an officer to conduct a search for the tractor. The officer testified to a thorough search by himself and another officer of the area around the Ottawah exit and of exits and service stations along Interstate 75 to the north and south of the location where Eley allegedly met the disabled vehicle. The officer further testified that he checked with the only wrecker service in the Ottawah area capable of towing tractors. The officers were unable to locate a tractor meeting the description given by Eley at any of the locations checked, nor did they notice the tractor traveling on Interstate 75.

A false explanatory statement may be viewed by a jury as substantive evidence tending to prove guilt. *United States v. Holbert,* 578 F.2d 128, 129 (5th Cir.1978); *United States v. Sutherland,* 463 F.2d 641, 647 (5th Cir.), *cert. denied,* 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972); *Andrews v. United States,* 157 F.2d 723, 724 (5th Cir.1946). "When a defendant voluntarily and intentionally offers an explanation and this explanation is later shown to be false, the jury may consider whether the circumstantial evidence points to a consciousness of guilt, and the significance to be attached to any such evidence is exclusively within the province of the jury." *United States v. Holbert,* 578 F.2d at 130. Moreover, wholly incredible explanations may also form a sufficient basis to allow the jury to find that the defendant had the requisite guilty knowledge. *United States v. Contreras,* 667 F.2d 976, 980 (11th Cir.), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982).

We hold that the jury could reasonably have found Eley's story of a phantom man giving Eley $50.00 and entrusting him with an eighteen wheel trailer loaded with electric ranges to be wholly incredible. Unlike the defendant's explanation in *Cosby v. Jones,* Eley's explanation is so implausible that it gives rise to positive evidence in favor of the government. Accordingly, we hold that appellant's possession of goods recently stolen, together with the corroborating evidence arising from his wholly incredible story, are sufficient proof of theft and transportation to support the jury's guilty verdicts on both counts of the indictment.

### III

Eley's final contention is that the prosecutor committed reversible error in his closing argument by improperly invoking the prestige of the United States, vouching for the credibility of government witnesses, and offering a personal opinion as to defendant's lack of credibility. Because defense counsel made no objection during closing argument, our standard of review is

whether the prosecutor's closing remarks constituted plain error. *United States v. Smith,* 700 F.2d 627, 633 (11th Cir.1983).

 In one of the remarks with which Eley takes umbrage, the prosecutor argued that two government witnesses with many years of government service had no reason to lie about what Eley did when he was arrested, while Eley had great reason to lie. In another comment, the prosecutor argued that to acquit the defendant the jury must believe that the government's witnesses had lied under oath. While a prosecutor may not vouch for the credibility of witnesses based on facts personally known to the prosecutor but not introduced at trial, "that does not mean the prosecutor cannot argue that the fair inference from the facts presented is that a witness had no reason to lie." *United States v. Bright,* 630 F.2d 804, 824 (5th Cir.1980). Defense counsel in this case attacked the credibility of the government's witnesses and, in response, the prosecutor was entitled to argue fairly to the jury the credibility of the government and defense witnesses. *Id.; United States v. Smith,* 700 F.2d at 633–34. In the context of the entire case, we do not find the prosecutor's two remarks to constitute reversible error.

We are somewhat troubled, however, by one remark by the prosecution that Eley asserts improperly invoked the prestige of the United States:

> Mr. Schiller also tells you these officers are callous, they could care less, it's just another stat for them, another statistic, just another day. Ladies and gentlemen, I want to say on the front of the Department of Justice Building there's a motto, something to the effect, I can't quote it exactly, but it says the United States wins whenever justice is done. Ladies and gentlemen, it's not just another case to us. That's the motto of the government, and that's the motto of these agents, and that's the motto of my office also; we win whenever justice is done.

 This remark followed closing remarks of defense counsel that charged that the investigating officers were callous in their attitude towards the case and that the

government's prosecution of the case was abusive. Indeed, defense counsel's argument would have the jury believe that the Department of Justice and all law enforcement officers had set out to convict a man they knew to be innocent. This was clearly an invitation to the prosecutor to protest to the contrary. We find the government's comment a fair response to defendant's attack on the government and not plain error. *See generally United States v. Cotton,* 631 F.2d 63, 66 (5th Cir.1980); *cert. denied,* 450 U.S. 1032, 101 S.Ct. 1743, 68 L.Ed.2d 227 (1981); *United States v. Hiett,* 581 F.2d 1199, 1204 (5th Cir.1978).

 We caution, however, that it is improper for a prosecutor to suggest to the jury that the Department of Justice or the United States Attorney's Office has, upon investigation, come to the conclusion that the defendant is guilty. Such a statement implies that the government might have information not available to the jury and would encourage the jury to be influenced by the conclusions of the government officials and not confined to the conclusions to be drawn from the evidence. A recitation of the Department of Justice's motto, coupled with an urgent appeal to the jury to find the defendant guilty, could be interpreted as the forbidden argument that "we would not be prosecuting this individual if we didn't know he was the guilty party." *See United States v. Morris,* 568 F.2d 396, 401 (5th Cir.1978); *United States v. Lamerson,* 457 F.2d 371, 372 (5th Cir.1972).

Nonetheless, under the circumstances of this case, which include appellant's attack on the government's handling of the case and the absence of any objection by defense counsel to the prosecutor's remarks, we conclude that the prosecutor's reference to the Department of Justice motto did not constitute reversible error.

AFFIRMED.