**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Levis ODOM,
Defendant–Appellant.**

No. 87–3364.

United States Court of Appeals,
Eleventh Circuit.

Oct. 24, 1988.

W. Dillard Thomas, George W. Blow, III, Asst. U.S. Atty., U.S. Attys. Office, Tallahassee, Fla., for plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and SCOTT *, District Judge.

VANCE, Circuit Judge:

Following the September, 1984 Democratic primary election in Lafayette County, Florida, the election supervisor became suspicious about the unusual number of absentee ballots. She reported her suspicions to the local law enforcement authorities. After an investigation, appellant James Levis Odom was indicted in the Northern District of Florida on one count of criminal conspiracy (Count One), nineteen counts of mail fraud (Counts Four through Twenty–Two) and thirty-two counts of election fraud (Counts Twenty–Three through Fifty–Four).

At trial, the government offered evidence that appellant and others had agreed to buy absentee votes and to pay thirty dollars and a bottle of wine or whiskey for each vote. Appellant's fingerprints were found on two of the mailed absentee ballots. The jury returned verdicts of guilty on all counts. The district court sentenced appellant to a term of five years on Count One and to five years of probation on Counts Four through Fifty–Four to run consecutive to the sentence under Count One.

While Odom's appeal was pending, the United States Supreme Court announced its decision in *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), holding that the mail fraud statute does not criminalize schemes to deprive citizens of their intangible right to good government. 107 S.Ct. at 2879. Upon the district court's request, we remanded for resentencing and for consideration of

E.C. Deeno Kitchen, Thomas M. Ervin, Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, Fla., for defendant-appellant.

* Honorable Thomas E. Scott, U.S. District Judge for the Southern District of Florida, sitting by designation.

Odom's motion for a new trial in light of *McNally*.

On November 3, 1987, the district court vacated its previous judgment and sentence, dismissed the mail fraud counts, and resentenced appellant to a term of five years' imprisonment on Count Twenty–Three (election fraud) and to five consecutive years of probation on the conspiracy count and the remaining election fraud counts. Odom now appeals.

■ Appellant's principal contention is that his conviction of conspiracy under Count One should be reversed. Count One of the indictment charged Odom with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 (1982) and election fraud in violation of 42 U.S.C. § 1973i(c) (1982). He argues that because the jury returned a general verdict as to Count One, it is impossible to ascertain that the verdict was not based entirely upon a finding of conspiracy to commit acts that are now non-criminal under *McNally*. Thus, he urges that this case is governed by the general rule that when the jury is presented with two alternative grounds for conviction, one sufficient and one insufficient, a general verdict must be set aside because it may have rested exclusively upon the insufficient ground. *Zant v. Stephens*, 462 U.S. 862, 881, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983); *Stromberg v. California*, 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931).

The record reveals, however, that the jury was not presented with two independent theories of guilt. With respect to Count One, the court instructed the jury that

> Count 1 charges that the defendant knowingly and willingly conspired ... to use the mails in furtherance of a scheme to defraud the voters ... of a free and impartial primary election, *and* to pay

and offer to pay various voters ... for voting in the primary election.

(emphasis added). Because the instructions required the jury to find that Odom conspired to commit both mail fraud and election fraud, his conviction under Count One necessarily rests on legitimate grounds.[1]

■ Appellant also maintains that evidence admitted concerning the non-criminal conduct alleged in the mail fraud counts adversely influenced the jury in its consideration of the charges of conspiracy and election fraud. In support of this contention, he quotes at length from *United States v. Gorny*, 674 F.Supp. 263 (N.D.Ill. 1987). That case, however, is easily distinguished and accordingly we reject appellant's "prejudicial spillover" argument.

*Gorny* involved pre-*McNally* convictions of mail fraud and racketeering. After vacating defendant's mail fraud conviction in light of *McNally*, the court turned to the racketeering count, which stated that defendant had engaged in activity consisting of multiple acts of mail fraud and bribery in violation of Illinois law. The court reasoned that because it was impossible to conclude that the jury did not rely on evidence submitted to support the non-criminal mail fraud charges in finding that defendant had engaged more broadly in a pattern of racketeering, it had no choice but to vacate the racketeering conviction as well. Because the evidence of alleged mail fraud would be irrelevant and inadmissible after *McNally*, it could not form the basis of a valid racketeering conviction. *Id.* at 266.

In the present case, however, evidence offered to support the mail fraud allegations was also directly relevant to the separate election fraud charges. Both sets of counts were premised on essentially the same facts. As a result, evidence relevant

---

**1.** Even if the instructions had been phrased in the alternative, we would have no difficulty affirming appellant's conspiracy conviction. An exception to the *Zant* rule exists where a verdict based on any ground would mean that the jury found every element necessary to support a verdict on the sufficient ground. *See United States v. Ochs*, 842 F.2d 515, 520 (1st Cir.1988); *United*

States v. Jacobs, 475 F.2d 270, 283–84 (2d Cir. 1973), *cert. denied*, 414 U.S. 821, 94 S.Ct. 116, 131, 38 L.Ed.2d 53 (1973). In the present case, a verdict based on the mail fraud allegations would leave no doubt that the jury had found every element necessary to sustain a conviction for election fraud, because the two theories of conspiracy involved essentially the same acts.

and admissible as to one set was equally relevant and admissible as to the other. Any "spillover" which may have occurred therefore was not prejudicial.

Appellant also asserts that the prosecutor committed reversible error in his closing argument. Because no objection was made at trial, our standard of review is whether the prosecutor's remarks constituted plain error. Fed.R.Crim.P. 52(b); *United States v. Eley*, 723 F.2d 1522, 1525–26 (11th Cir.1984). To explain the appearance of his fingerprints on absentee ballots, Odom testified that his longtime friend Vasco Koon had asked Odom to witness his absentee ballot. Intending to sign Koon's ballot, Odom stated that he inadvertently handled two others. In his closing argument, the prosecutor commented on Odom's failure to offer evidence demonstrating that Koon had voted absentee. He also likened Odom to Pinocchio.

"Prosecutorial misconduct only constitutes a ground for reversal if, viewed in the context of the entire record, it may have prejudiced substantial rights of the defendant." *United States v. Johns*, 734 F.2d 657, 661–62 (11th Cir.1984). The arguments appellant now challenges were inferences which fairly could be drawn from the evidence. Consequently, we do not find that the prosecutor's remarks were so egregious as to constitute plain error requiring reversal.

Appellant's final argument is that the district court's change of the sentence to imprisonment from Count One (conspiracy) to Count Twenty-Three (election fraud), in anticipation of possible reversal on Count One, was improper. Because we affirm the conviction on Count One, no prejudice resulted from the resentencing. Accordingly, the judgment of the district court is

AFFIRMED.