**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DENNEVER LIVINGSTON,
          *Defendant-Appellant.*

No. 02-4950

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-97-39)

Submitted: April 8, 2003

Decided: April 17, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Fernando Groene, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dennever Livingston was convicted of conspiracy to possess with intent to distribute and to distribute marijuana, possession with intent to distribute marijuana, conspiracy to launder money, six substantive counts of money laundering, and six counts of money laundering to promote drug trafficking. He was sentenced to 360 months on the drug conspiracy charge, and concurrent 240 month sentences on each of the other counts of conviction. In Livingston's first appeal, we held that the money laundering counts and the money laundering in furtherance of drug trafficking counts were based on the same evidence and were duplicitous. We therefore remanded in part to the district court to vacate the convictions, sentences, and assessments as to the six counts of money laundering in furtherance of drug trafficking. *United States v. Stewart*, 256 F.3d 231, 248 (4th Cir. 2001), *cert. denied*, 535 U.S. 977 (2002).

During the resentencing hearing, Livingston argued that all of the money laundering counts and the drug conspiracy count should also be dismissed because of spillover prejudice from the dismissed counts. The district court rejected this argument and imposed the same sentences as to the remaining counts. Livingston timely noted an appeal.

His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but asserting that the district court erred in determining that Livingston suffered no spillover prejudice from the dismissed counts. Livingston has filed a pro se brief, asserting that his convictions were tainted by spillover prejudice, that the indictment was duplicitous, and that his conviction was based on elements not proscribed by Congress, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The latter two issues asserted by Livingston are not properly before this Court. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court") (internal quotation omitted). Livingston's challenge to the duplicitous nature of the charges was found

meritorious during his initial appeal, and the six duplicitous convictions and sentences were vacated. The *Apprendi* claim was fully addressed in our prior opinion, in which we found no plain error. *Stewart*, 256 F.3d at 252.

The only remaining issue is whether any of Livingston's other convictions should have been vacated due to prejudicial spillover from evidence supporting the six dismissed counts of money laundering in furtherance of drug trafficking. We have fully considered this claim and find that Livingston's remaining convictions were not affected by any spillover prejudice. *See United States v. Rooney*, 37 F.3d 847, 855 (2d Cir. 1994). The evidence in support of the reversed counts and the remaining counts was identical. *See United States v. Odom*, 858 F.2d 664, 666-67 (11th Cir. 1988) (Where the reversed and the remaining counts are "premised on essentially the same facts . . . evidence relevant and admissible as to one set was equally relevant and admissible as to the other; [a]ny 'spillover' which may have occurred therefore was not prejudicial."); *United States v. Bailey*, 859 F.2d 1265, 1273 n.1 (7th Cir. 1988). Additionally, as this court determined in Livingston's first appeal, the government's evidence was sufficient to support the convictions on the money laundering charges and the drug conspiracy charge. *Stewart*, 256 F.3d at 249-51; *see United States v. Gjurashaj*, 706 F.2d 395, 400 (2d Cir. 1983) (rejecting claim of prejudicial spillover based on the strength of the government's evidence on remaining counts). Moreover, because the evidence as to both sets of money laundering charges was identical, the evidence on the reversed counts would not "have tended to incite or arouse the jury into convicting the defendant on the remaining counts." *Rooney*, 37 F.3d at 855. Because all these factors weigh against a finding of spillover prejudice to Livingston, we affirm the district court's refusal to vacate any of Livingston's other convictions. Accordingly, we affirm Livingston's remaining convictions and sentences.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*