[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2012
JOHN LEY
CLERK

No. 11-15537
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-21212-MGC

OTHLONE RUSS,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Othlone Russ, a pro se Florida prisoner, appeals the district court's denial of

his 28 U.S.C. § 2254 federal habeas petition. On appeal, Russ argues that: (1) the

State's witness, Pamela Garman, should not have been allowed to testify that based on her experience as a forensic interviewer, child victims of sexual assault do not always disclose everything at once; (2) the Florida trial court violated his rights by denying him the right to present character evidence; and (3) the trial court allowed the prosecutor to make improper comments during closing arguments. After careful review, we affirm.[1]

We review de novo a district court's grant or denial of a habeas corpus petition. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir.), cert. denied, 131 S.Ct. 647 (2010). The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed de novo. Id. As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), 28 U.S.C. § 2254(d) forbids federal courts from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Because we've concluded that oral argument is unnecessary in this appeal, Russ's motion to appoint counsel for the purposes of oral arguments is DENIED AS MOOT.

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). Moreover, "[i]t is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001).

First, we are unpersuaded by Russ's argument that the state court's determination allowing the State's witness, Ms. Garman, to testify about victim disclosure was contrary to, or involved an unreasonable application of, clearly established Federal law. We generally do not review a state court's admission of evidence in habeas corpus proceedings. See McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir. 1992). We will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial. See Baxter v. Thomas, 45 F.3d 1501, 1509 (11th Cir. 1995). Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a "crucial, critical, highly significant factor" in obtaining the conviction. Williams v. Kemp, 846 F.2d 1276, 1281 (11th Cir. 1988) (quotation omitted).

Under Florida law, State witnesses cannot vouch or directly testify as to the truthfulness of the victim. Tingle v. State, 536 So.2d 202, 205 (Fla. 1988). State witnesses are also not allowed to testify in a criminal prosecution for child abuse that the alleged victim of sexual abuse exhibits symptoms consistent with one who has been sexually abused. See Hadden v. State, 690 So.2d 573, 577, 581 (Fla. 1997).

The record before us does not support Russ's claim that Garman, as a lay witness, was improperly allowed to give opinion testimony. Instead, the record reflects that Garman was not giving her opinion, but was merely saying that based on her experience as a forensic interviewer, children often did not disclose everything about the abuse at once. There is nothing in the Florida evidence rules that precludes a lay witness from testifying about her past experience. Additionally, as held by the Florida appellate court, Garman did not testify that the victim, D.H., was telling the truth or suggest her belief that D.H. was telling the truth. As the record shows, Garman testified about the process used in conducting interviews with child sexual assault victims and the video of her interview with D.H. was played for the jury. Further, Garman never testified that D.H. exhibited symptoms consistent with sexual abuse. Because her testimony was not erroneously admitted under Florida law, it did not make Russ's trial fundamentally unfair. And in any event, even if the state court erroneously admitted Garman's testimony, there is nothing to suggest that this was

4

a "crucial, critical, highly significant factor" in obtaining Russ's conviction. Russ therefore has not shown that the state court's determination was contrary to, or involved an unreasonable application of, clearly established Federal law.

We also reject Russ's claim that the Florida court's denial of his right to present character evidence was contrary to, or involved an unreasonable application of, clearly established Federal law. Section 90.404(1)(a) of the Florida statutes provides that "[e]vidence of a person's character . . . is inadmissible to prove action in conformity with it on a particular occasion, except . . . [e]vidence of a pertinent trait of character offered by an accused."

Here, the Florida Court of Appeals found that Russ's character witnesses were properly excluded because Russ's reputation for non-violence and respect towards females was not pertinent to the offenses charged. The record supports the state court's conclusion because: (1) the evidence presented at trial did not indicate that the charged offenses involved any violence; and (2) there is nothing in the record to suggest that Russ's reputation for respecting women in the community was pertinent to the charged offense. Since the evidence was properly excluded based on Fla. Stat. § 90.404(1)(a), Russ cannot show that this made his trial fundamentally unfair. Moreover, contrary to Russ's claim, the Supreme Court has never provided that a defendant can always present character evidence. Thus, the state court's decision was

5

not contrary to, or involved an unreasonable application of, clearly established Federal law.

Finally, we disagree with Russ that the Florida court's decision that the prosecutor's comments during closing arguments (which Russ claims shifted the burden of proof, appealed to the jurors' social conscience, made improper epithets and were prejudicial, referred to lesser included offenses as "misdemeanors," and attacked defense counsel) did not constitute fundamental error was contrary to, or an unreasonable application of, clearly established Federal law.  "To find prosecutorial misconduct, a two-pronged test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." United States v. Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991).  "The reversal of a conviction or a sentence is warranted when improper comments by a prosecutor have 'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.'"  Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)).  Due process is denied "when there is a reasonable probability," or "a probability sufficient to undermine confidence in the outcome," that, but for the improper remarks, the outcome of the proceeding would have been different.  Eyster, 948 F.2d at 1206-07 (quotation omitted).  If prosecutorial misconduct renders a trial fundamentally unfair, there is a

denial of due process. Land v. Allen, 573 F.3d 1211, 1219 (11th Cir. 2009). If it fails to render the trial fundamentally unfair, however, habeas relief is not available. Id.

The remarks are considered under the totality of the circumstances. Hall v. Wainwright, 733 F.2d 766, 773 (11th Cir. 1984). To determine whether arguments are sufficiently egregious to result in the denial of due process, we consider factors including: "(1) whether the remarks were isolated, ambiguous, or unintentional; (2) whether there was a contemporaneous objection by defense counsel; (3) the trial court's instructions; and (4) the weight of aggravating and mitigating factors." Land, 573 F.3d at 1219-20. "[T]he bar for granting habeas based on prosecutorial misconduct is a high one." Id. at 1220.

In a criminal proceeding, the government has the burden of proving every element of the charged offense beyond a reasonable doubt. United States v. Simon, 964 F.2d 1082, 1086 (11th Cir. 1992). During closing arguments, "prosecutors must refrain from making burden-shifting arguments which suggest that the defendant has an obligation to produce any evidence or to prove innocence." Id. However, "prejudice from the comments of a prosecutor which may result in a shifting of the burden of proof can be cured by a court's instruction regarding the burden of proof." Id. at 1087. Furthermore, prosecutors may argue about the defense witnesses'

7

credibility when the defense has attacked the State witnesses' credibility. United States v. Eley, 723 F.2d 1522, 1526 (11th Cir. 1984).

In this case, the record reflects that the prosecutor's three comments, in which he asked where the proof was that someone else sexually abused D.H., were proper comments on Russ's defense at trial that D.H. was lying to cover up for someone else who molested her. Moreover, even if the prosecutor's statements were improper, the trial court gave a cautionary instruction regarding the burden of proof at the time the first two comments were made. Because there was no prosecutorial misconduct with regard to any of the allegedly burden-shifting comments made during closing arguments, Russ's trial was not fundamentally unfair.

The remaining comments that Russ challenges on appeal were also permissible or harmless. The record reflects that the prosecutor did not appeal to the jury's social conscience, but actually reminded the jury that sympathy was not to be part of their deliberations and acknowledged that they had a difficult decision to make. As for the prosecutor's comments about Russ's family, they were not improper when viewed in context. As the record shows, the prosecutor was arguing about the credibility of the defense witnesses, which he was entitled to do since Russ had attacked the credibility of the State's witnesses. In addition, based on the evidence presented at trial, the prosecutor's reference to Russ as a sexual predator was a fair comment. The record

also reflects that the prosecutor did not impermissibly attack Russ's counsel. Indeed, the prosecutor's comment that Russ's counsel did not want the jury to focus on the detailed testimony simply was a comment on Russ's defense that someone else molested D.H. We thus find no prosecutorial misconduct based on any of these comments.

We recognize that it may have been improper for the prosecutor to refer to the lesser included offenses as "misdemeanors." However, the record reflects that Russ's counsel objected, the objection was sustained, and the trial court explicitly stated that "the degree of the charge cannot be spoken about." In light of the record as a whole, we cannot conclude that these comments rendered the trial fundamentally unfair. Accordingly, the Florida court's decision that the prosecutor's comments during closing arguments did not constitute fundamental error was not clearly contrary to, or an unreasonable application of, clearly established Federal law.

We affirm the denial of Russ's § 2254 petition.

**AFFIRMED.**