**UNITED STATES of America, Appellee,**

v.

**Leonard E. CROW DOG, Appellant.**

**No. 75–1934.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided June 17, 1976.

---

William M. Kunstler, c/o Center for Constitutional Rights, New York City, and Daniel T. Taylor, III, Louisville, Ky., on brief for appellant.

William F. Clayton, U.S. Atty., R. D. Hurd and David R. Gienapp, Asst. U.S. Attys., Sioux Falls, S.D., on brief for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Leonard Crow Dog, a Brule Sioux, appeals from his conviction after a jury trial on two counts of assault with a dangerous weapon which allegedly occurred on the Rosebud Indian Reservation. 18 U.S.C. § 1153; S.D. Compiled Laws Ann. § 22–18–11. Crow Dog alleges that the trial judge's[1] denial of a reasonable continuance denied him due process of law and effective assistance of counsel, and that improper criteria were considered in sentencing. We affirm the conviction.

On November 17, 1975, the date which had been set for trial, the accused retained new lead trial counsel from Louisville, Kentucky, who appeared and requested a five day continuance. This was originally granted, but the judge later reduced the continuance to three days because the accused was also represented by local counsel who had been appointed to the case since September 9, 1975: six days after the alleged crime. On appeal Crow Dog's current counsel argue for the first time that local trial counsel was biased, reluctant to defend the accused and merely went through the motions. This is not borne out by the record. Local counsel made pretrial motions and represented Crow Dog at a suppression hearing before he retained other counsel, and presented a substantial part of the case at trial. His defense of Crow Dog can only be described as able and vigorous.

It is also alleged that an additional two days' continuance would have enabled lead counsel to discover facts about prosecution witnesses which would have allowed effective impeachment. Significantly, however, counsel has not actually pointed to any impeachment evidence which was available and which he did not discover before trial. In addition he has indicated that the government was cooperative in disclosing evidence. We are satisfied that the trial judge did not abuse his discretion in granting a continuance of three days instead of five. *United States v. Bear Killer,* 534 F.2d 1253 (8th Cir., 1976); *United States v.*

---

1. The Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

*Webb,* 533 F.2d 391 (8th Cir., 1976); *United States v. Johnson,* 526 F.2d 600, 601 (8th Cir., 1975).

 Crow Dog also challenges his sentence of five years' imprisonment on each count to run consecutively. The second term was suspended and the accused is to be placed on probation for ten years upon release from custody.

The record in this case reveals that the defendant and some followers held two other Indians, their wives and young children for a period of three hours, during which time he threatened them all with death and had the two men viciously beaten. During this time he was on probation for a similar crime. *United States v. Crow Dog,* 532 F.2d 1182 (8th Cir., 1976). The sentencing judge quite properly took Crow Dog's role of leadership in the incident into account in awarding sentence. We find no abuse of discretion in this regard. *United States v. Conley,* 523 F.2d 650, 655–656 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327, 44 U.S.L.W. 3472 (U.S., Feb. 23, 1976); *Giblin v. United States,* 523 F.2d 42, 45 (8th Cir. 1975); *United States v. Dace,* 502 F.2d 897, 898–899 (8th Cir. 1974), *cert. denied,* 419 U.S. 1121, 95 S.Ct. 803, 42 L.Ed.2d 820 (1975).

Finding no error, we affirm the judgment of conviction.