UNITED STATES of America, Appellee,

v.

John Grady TURNER, Appellant.

No. 76–1927.

United States Court of Appeals,
Eighth Circuit.

Submitted March 24, 1977.

Decided March 29, 1977.

Certiorari Denied May 31, 1977.
See 97 S.Ct. 2660.

J. Joseph McQuillan, Omaha, Neb., filed brief for appellant.

Daniel E. Wherry, U. S. Atty., and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

John Grady Turner appeals from his conviction of aiding and abetting the forgery of endorsements on a United States Treasury check, in violation of 18 U.S.C. §§ 2, 495. We affirm.

On June 10, 1976, appellant was indicted on the above charge and also on a charge of

theft of mail matter, in violation of 18 U.S.C. § 1708. The indictment arose from the theft of a United States Treasury tax refund check mailed to Robert and Cynthia Marshall. The government's evidence at trial may be summarized as follows.

Milton Spellman testified that on March 1, 1976, he drove appellant to various locations in Omaha, Nebraska. He testified that he stopped the car in front of a house later identified as the residence of Robert and Cynthia Marshall. According to Spellman, appellant exited the car, walked to the porch of the Marshall residence, and shuffled through their mailbox. Spellman did not, however, see appellant take anything out of the mailbox. Spellman and appellant thereupon returned to the Hamilton Hotel, where appellant was residing.

At the hotel, appellant and Spellman met with Beverly Jean Hill and one "Butch." According to Spellman and Hill, appellant produced the United States Treasury check payable to the Marshalls and requested help in cashing it. Eventually, a plan was arrived at, whereby Hill and "Butch" would pose as the Marshalls, use the check to purchase a car, and then resell the car for cash.

Spellman and Hill testified that they, appellant, and "Butch" drove to Carl's Used Autos and purchased a car, paying for it by forging endorsements on the check. Carl Sortino, the proprietor of Carl's Used Autos, identified appellant as being one of the persons present at the time, but testified that appellant took no active role in the transaction.

The parties returned to the Hamilton Hotel and picked up appellant's girlfriend and her brother, Dana "Danny" Bostick. The six persons then went to Sonny Gerber's car lot, sold the recently-purchased car for cash, and divided the proceeds.

Appellant took the stand in his own defense. He testified that Spellman had ap- proached him on March 1, 1976, and re- quested that his girlfriend assist Spellman in cashing a check. Appellant refused. He further testified that he had not been present at either of the car dealerships during the transactions.

The jury found appellant guilty of aiding and abetting the forgery of endorsements on a United States Treasury check, but not guilty of theft of mail matter. The District Court[1] sentenced appellant to five years imprisonment.

On appeal, appellant alleges that the District Court erred by: (1) denying his motion for a continuance after new co-counsel was appointed prior to trial; (2) denying his motion for a mistrial when the government introduced, for impeachment purposes, testimony regarding appellant's exercise of his right to remain silent; and (3) giving an instruction which called attention to appellant's exercise of his right to remain silent and which erroneously related the scope of the jury's function in drawing inferences from prior inconsistent statements.

### A. The Continuance

After a complaint had been lodged against appellant on March 25, 1976, the District Court appointed Mr. Jim Kuhn to represent appellant pursuant to 18 U.S.C. § 3006A. Kuhn represented appellant at his preliminary hearing and on other pretrial matters. Trial was scheduled for August 30, 1976.[2] On August 25, 1976, appellant moved for appointment of new counsel and for a continuance.[3] The District Court appointed Mr. Joseph McQuillan to represent appellant as co-counsel with Mr. Kuhn. The court denied the motion for a continuance and expressly found that Mr. Kuhn was adequately prepared for trial and that Mr. McQuillan was merely to assist him.

Appellant contends that Mr. McQuillan had other commitments prior to trial and was thus unable adequately to prepare his

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

2. Trial was actually held on September 1–2.

3. The reason why appellant wanted new counsel is not clear from the record.

defense. Specifically, appellant alleges that he had only one interview with Mr. McQuillan, that Mr. McQuillan did not have access to a transcript of the preliminary hearing, and that Mr. McQuillan had insufficient time to investigate the prosecution witnesses' backgrounds, especially their criminal records.

These contentions are not supported by the record. Mr. McQuillan twice impeached a prosecution witness with prior inconsistent statements given at the preliminary hearing. The allegation regarding lack of time to investigate the backgrounds, of prosecution witnesses is unpersuasive because appellant has not pointed to any evidence which was available but not discovered. *United States v. Crow Dog*, 537 F.2d 308, 309 (8th Cir. 1976). Finally, our review of the entire record convinces us that Mr. McQuillan and Mr. Kuhn conducted a spirited defense which culminated in appellant's acquittal on the mail theft charge.

In these circumstances, we hold that the appellant has not shown [4] that the District Court abused its discretion in denying the motion for a continuance. *See, e. g., United States v. Paulton*, 540 F.2d 886, 889–90 (8th Cir. 1976); *United States v. Whiting*, 538 F.2d 220, 222 (8th Cir. 1976); *United States v. Crow Dog, supra*, 537 F.2d at 309–10; *United States v. Webb*, 533 F.2d 391, 394–95 (8th Cir. 1976). *Accord, United States v. Schroeder*, 433 F.2d 846, 852 (8th Cir. 1970), *cert. denied*, 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971).

### B.  *Impeachment by Prior Silence*

■ Appellant was cross-examined about a statement he made to a Secret Service agent and a Postal Service investigator on March 3, 1976:

Q.  .  .  .  Didn't you talk to Agent Desmond and Inspector Robertson outside the Flame Bar on or about March 3rd, 1976?

A.  Yes, I did.

Q.  And they come in and talked to you and didn't you tell them that you didn't know anything about anything?

A.  They asked me about some checks and I told them that I didn't know anything about it.

Q.  Well, didn't they ask you whether or not you knew anything about this particular check, or that you had gone to Sonny Gerber's or had gone to Carl's Used Auto?

A.  No, sir, they did not.

Q.  They didn't ask you that?

A.  No, they didn't.

Q.  And so you would deny that you told them that you were never there? You didn't know anything about it?

A.  What they asked me about I told them that I didn't know anything about it.

In rebuttal, the government called Inspector Loyal T. Robertson, who testified, over appellant's objection, about this meeting with appellant. The substance of his testimony was that he had asked appellant if he was involved in cashing a stolen check at Carl's Used Autos and that appellant replied that he had no knowledge of the incident whatsoever. Appellant's motion for a mistrial was denied.

Appellant contends that the government's cross-examination of him and Inspector Robertson's testimony on rebuttal constituted impeachment by showing his prior exercise of his right to remain silent, a practice condemned by the Supreme Court in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). We disagree. Appellant's statement to Inspector Robertson amounted to an affirmative denial of any knowledge of the incident, not an exercise of his right to remain silent. *United States v. Riggs*, 537 F.2d 1219, 1221 (4th Cir. 1976). There was no error in allowing the cross-examination. Inspector Robertson's testimony failed to impeach appellant's testimony since he did

---

4. Unlike the Third and Fourth Circuits, this Court does not indulge a presumption of prejudice from late appointment of counsel. *United*

*States v. Schroeder*, 433 F.2d 846, 852 (8th Cir. 1970), *cert. denied*, 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971).

not affirmatively testify that appellant had denied going to Sonny Gerber's or to Carl's Used Autos; his testimony only confirmed that appellant had denied all knowledge of the checks, a fact which appellant had unequivocally admitted. No objection of record was made to the testimony, however, nor was there any subsequent motion to strike.[5] Applying the plain error rule, Fed. R.Crim.P. 52(b), we find the testimony, which was merely cumulative to be harmless beyond reasonable doubt.

### C. *The Instruction*

The District Court gave the following instruction to the jury:

> Conduct of a defendant, including statements knowingly made and acts knowingly done upon being informed that a crime has been committed, or upon being confronted with a criminal charge, may be considered by the jury in the light of all other evidence in the case, in determining guilt or innocence.

> When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

> Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.

> A statement or an act is "knowingly" made or done if made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

 Appellant did not object to this instruction at trial, and he can prevail only if giving the instruction was plain error. *United States v. DiBennedetto*, 542 F.2d 490, 494 (8th Cir. 1976).

Appellant challenges the instruction to two grounds. First, he contends that the instruction impermissibly highlights appellant's exercise of his right to remain silent. Because we hold that appellant's statement to Inspector Robertson did not constitute an exercise of his right to remain silent, this contention is unpersuasive.

 Second, appellant challenges that part of the instruction which stated that it is within the province of the jury to determine whether a defendant's exculpatory statement, which is later proven false, shows a consciousness of guilt and to determine the significance of such evidence. Appellant contends that, because the trial judge has the responsibility of making a threshold determination of inconsistency prior to admitting an exculpatory statement,[6] the instruction erroneously related the scope of the jury's responsibility. Appellant's argument misapprehends the distinction between questions of admissibility and questions of weight to be given to evidence. The latter is within the province of the jury, and the instruction clearly so states. There was no plain error in giving the instruction.

The judgment of conviction is affirmed.

---

**5.** A motion for mistrial at the close of all the evidence was directed only at the alleged infringement of appellant's right to silence and was properly denied.

**6.** *United States v. Hale, supra*, 422 U.S. at 176, 95 S.Ct. 2133. Appellant does contend that the statement lacked sufficient inconsistency to justify its admission.