**UNITED STATES of America, Appellee,**

v.

**Margaret SAILER, Appellant.**

**No. 76–1937.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1977.

Decided March 17, 1977.

Rehearing Denied April 13, 1977.

Certiorari Denied June 6, 1977. See 97 S.Ct. 2687.

Irvin B. Nodland, Bismarck, N. D., on brief for appellant.

Harold O. Bullis, U. S. Atty., Fargo, N. D. and James S. Hill, Asst. U. S. Atty., Bismarck, N. D., on brief for appellee.

Before WEBSTER and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

PER CURIAM.

Margaret Sailer appeals from her conviction of obtaining a post office box key by false pretenses, in violation of 18 U.S.C. § 1704, and stealing a letter from the box, in violation of 18 U.S.C. § 1708. Her sole contention on appeal is that the District Court [1] erred in denying her petition for authorization to employ a handwriting expert at government expense, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1).

The indictment in this case, returned April 7, 1976, contained thirteen counts. Count One charged appellant with obtaining by false pretenses a key to a post office box held by Morgan & Associates, M.D.'s, her former employer. Counts Two through Thirteen charged her with stealing ten letters containing checks from the box, and forging endorsements on two of the checks that were U. S. Treasury checks.

Appellant's retained counsel entered his appearance on May 5, 1976. On July 12, he first moved for authorization to retain Veda Naeve, a handwriting expert, as a defense witness at the government's expense. The motion was unsupported by any showing that the defendant was without funds with which to pay the expert. The motion did not state for what purpose the expert was to be retained or offer to make an ex parte showing of purpose. On July 30, appellant filed an affidavit showing income of $415.00 per month, no assets, and liabilities of $8,430.26. She renewed her motion seeking authorization of expert testimony, alleging that Naeve had examined copies of documents which the government claimed she had signed, and that Naeve had concluded that she in fact had not signed them.

On Monday, August 9, a week before the trial setting, the District Court denied the motion for authorization of government funds. Counsel was then able to procure private funds, and retained Naeve on Thursday, August 12. Appellant's counsel at no time moved for a continuance, and the case proceeded to trial to the court on August 16.

The government's evidence showed that appellant had been employed by Morgan & Associates until her discharge in August, 1973. One of her duties was to maintain the corporation's accounts receivable records, which were in a state of disarray on her departure. During her employment, she had access to the corporation's post office box by way of a key which she surrendered at the time of her termination.

On March 7, 1974, someone filed an application for a new key to the post office box in the name of "Gwen Brady." Mrs. Brady, an employee of Morgan & Associates, testified that the signature on the application was not hers. Subsequently, ten checks that were mailed to the post office box were not received by the corporation. These checks were cashed, after being endorsed with a stamp bearing the corporate name. Each bore the notation "MM." One also bore the signature "M. Morgan," and a second the signature "Margaret Sailer." Dr. Margaret Morgan, a principal in the corporation, testified that none of the writing on the checks was hers.

James Lynn, a Postal Service handwriting expert, testified that the "MM" notations, the "M. Morgan" signature, the "Margaret Sailer" signature, and certain identification numbers on some of the checks were written by appellant. In addition, he testified that certain writing on the post office box key application was appellant's. The government also produced the testimony of a teller at a bank where one check was cashed, who identified appellant as the person who cashed the check.

Appellant took the stand in her own behalf and denied any knowledge of or participation in the crimes charged.

Veda Naeve, the handwriting expert, testified at length for appellant. She gave an opinion that the initials "MM" written on

---

1. The Honorable Bruce Van Sickle, United States District Court for the District of North Dakota.

nine of the checks were not those of appellant, that the employer identification numbers were not written by appellant, and that the Margaret Sailer and M. Morgan signatures were also not written by her. Naeve refused to give an opinion, however, about the handwriting on the post office box key application. She said of the application, "I can give an opinion with time for examination and lab time, but I will not give an opinion on this document." She repeatedly asserted that she had not had sufficient time to examine the documents and form an opinion.

The District Court, acting as trier of fact, found appellant not guilty on eleven counts of the indictment. It found her guilty on Count One, false application for a post office box key, and Count Twelve, theft of the check for which the government produced an eyewitness. Appellant received a sentence of six months' imprisonment on Count One; sentencing on Count Twelve was deferred, and appellant was placed on one year's probation.

On appeal, appellant contends that the District Court erred in refusing to authorize payment of Naeve's fee from government funds, that because of this refusal Naeve's entering into the case was delayed, and that Naeve therefore did not have sufficient time to analyze the post office box key application. Appellant argues that, if Naeve had testified regarding the application, her testimony would have created a reasonable doubt about the government expert's testimony.

■ Appellant's claim that she was entitled to government payment for her expert's services is based on 18 U.S.C. § 3006A(e)(1), which provides:

> Upon request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

This Court has formulated the following standard for authorization of services under § 3006A(e)(1): "While a trial court need not authorize an expenditure under subdivision (e) for a mere 'fishing expedition', it should not withhold its authority when underlying facts reasonably suggest that further exploration may prove beneficial to the accused in the development of a defense to the charge." *United States v. Schultz*, 431 F.2d 907, 911 (8th Cir. 1970) (footnote omitted). Other courts have interpreted the statute in similar fashion consistent with its remedial purpose, placing indigent defendants on a footing closer to that of prosecutors, who have resources of the government at their disposal. *United States v. Durant*, 545 F.2d 823, 827 (2d Cir. 1976); *United States v. Bass*, 477 F.2d 723 (9th Cir. 1975); *United States v. Theriault*, 440 F.2d 713, 715 (5th Cir. 1971), *cert. denied*, 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973).

Despite the District Court's adverse ruling, appellant was able to obtain an expert from private funds supplied by others. Our inquiry is therefore limited to whether the denial of appellant's motion, assuming an abuse of discretion, resulted in prejudice to appellant in the presentation of her defense.

Appellant contends her expert was hampered by the shortness of time before trial following denial of her motion for a court-appointed expert.

■ It should be noted that the application for authorization was completed late in the case. One seeking authorization for funds under § 3006A(e)(1) must meet a two pronged test: "(1) The accused must satisfy the court that financial inability prevents him from obtaining the services he requests; and (2) The accused must show need for such services to present an adequate defense." *United States v. Schultz, supra*, 431 F.2d at 908 (footnote omitted). Appellant did not show even a colorable

ability to meet either prong of this test until she filed the documents on Friday, July 30, 1976. This was seventeen days before the trial date, and almost three months after appellant's counsel appeared in the case. Monday, August 2, thus became the earliest day when appellant could have looked for favorable action. The District Court entered its order on August 9. The expert was in fact finally retained on Thursday, August 12. There is nothing in the record to indicate that the time spent by the District Court in considering the motion affected appellant's expert's ability to form an opinion.

Indeed, there is some indication in the record that the expert's inability to give an opinion did not result from the delay. In her earliest letter to appellant's counsel, the expert expressed an interest in obtaining handwriting exemplars of Dr. Margaret Morgan (appellant's former employer) and Gwen Brady (the employee whose name appeared on the questioned application). The District Court denied the motion to produce these exemplars, and appellant does not challenge this on appeal. At trial, the expert expressed a reluctance to identify the "M. Morgan" signature "for the simple reason I am finally getting some exemplars."[2] It might well be that it was the District Court's unchallenged refusal to require exemplars—rather than any delay—which led Naeve to refuse comment on the signature on the application.

Finally, and most significantly, appellant at no time moved for a continuance. The District Court has broad discretion to grant a continuance where necessary to adequate trial preparation. *See United States v. Crow Dog*, 537 F.2d 308 (8th Cir. 1976); *United States v. Webb*, 533 F.2d 391, 395 (8th Cir. 1976) (upholding denial of continuance). We would have difficulty sustaining any claim based on the inadequacy of time for trial preparation where the appellant did not first seek a continuance from the District Court. Particularly in this court-tried case, it would have been a simple

matter even after the trial had begun for the record to have been left open and supplemented at a later time with the expert's complete testimony. Yet appellant's counsel made no suggestion of this procedure.

Given the tardiness of the application for authorization, the indication that the expert witness' unwillingness to testify regarding the post office box key application did not result from court delay, and the failure of appellant at any time to seek a continuance for purposes of trial preparation, we cannot say that the denial of authorization under § 3006A(e)(1) was prejudicial error.

Affirmed.

---

**2.** Exemplars of Dr. Margaret Morgan's handwriting were voluntarily produced by the government at trial. No Gwen Brady exemplars were ever produced.