UNITED STATES of America,
Plaintiff-Appellee,

v.

William Connell HOLBERT,
Defendant-Appellant.

No. 78–5042
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Bobby Lee Cook, Summerville, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

William Connell Holbert was found guilty by a jury on both counts of a two-count indictment charging him with conspiring with other named defendants to steal a shipment of carpet in violation of 18 U.S.C. § 659, committing overt acts in furtherance of such conspiracy in violation of 18 U.S.C. § 371, and breaking a seal on a trailer containing an interstate shipment of freight with intent to commit larceny in violation of 18 U.S.C. § 2117. He appeals from the judgment of guilty entered upon that ver-dict and the sentence imposed thereupon. We affirm.

At trial the government introduced evidence to the effect that the defendant had made a false exculpatory statement explaining his presence at the scene of the crime, but the defendant denied making the statement testified to by the government's witnesses. Faced with evidence sufficient to support a finding that a false exculpatory statement had been made and the government's assertion that the statement would therefore be incriminating, the trial judge felt it necessary to caution the jury about the use they were to make of an incriminating statement, should one appear. Accordingly, he instructed them that such statements should be considered with caution and weighed with great care and disregarded entirely unless the evidence establishes beyond a reasonable doubt that the statement was knowingly made.

The only point of error raised by the appellant challenges the propriety of this instruction. No exception is taken to the language of the instruction, but the appellant contends that the giving of the instruction itself constituted a comment on the evidence implying that the statement of the defendant, if made, was incriminating, whereas the appellant denies that the exculpatory statement would be incriminating even if it were made and proven to be false. Arguing that the conflicting testimony over the contents of the statement goes more directly to the issue of credibility, the appellant suggests that a general charge relating to the credibility of witnesses and the effect of impeachment by prior inconsistent statements would have been sufficient.

As an initial matter, the appellant's argument overlooks a long line of authority which recognizes that false exculpatory statements may be used not only to impeach, but also as substantive evidence tending to prove guilt. *See e. g., United States v. Williams,* 559 F.2d 1243, 1249 (4th Cir. 1977); *United States v. Merrill,* 484 F.2d 168, 170 (8th Cir. 1973); *United States v. Sutherland,* 463 F.2d 641, 647 (5th Cir.

**130**

1972); *United States v. Pistante*, 453 F.2d 412, 413 (9th Cir. 1971). When a defendant voluntarily and intentionally offers an explanation and this explanation is later shown to be false, the jury may consider whether the circumstantial evidence points to a consciousness of guilt, and the significance to be attached to any such evidence is exclusively within the province of the jury. *United States v. Turner*, 551 F.2d 780, 783 (8th Cir. 1977).

■ Most importantly, however, the appellant's objections to the instruction were cured by the language of the instruction itself. The trial judge carefully prefaced his instruction on the use of incriminating statements by explaining to the jury that the government contended that the defendant had made an incriminating statement but that the defendant denied the making of any incriminating statement and denied that any alleged statement attributed to him was incriminating in any way. The trial judge did not purport to decide whether an incriminating statement had been made, and his instructions explicitly left that issue open to the jury for resolution.

By phrasing his instruction in this manner, the trial judge thus avoided the error committed by the trial court in *United States v. Grunberger*, 431 F.2d 1062 (2d Cir. 1970). In that case the trial judge instructed the jury that the defendant had made an out-of-court admission, although the evidence in that regard was in dispute. Unlike the instruction in the present case, the effect of the instruction in *Grunberger* was to usurp the function of the jury as fact finder.

Viewing the instruction as a whole, *United States v. Wells*, 506 F.2d 924 (5th Cir. 1975), we find no prejudicial harm resulted to the defendant in this case.

AFFIRMED.