**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Francis MEYER,**
**Defendant-Appellant.**

**No. 83–3605**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 17, 1984.

Birch P. McDonough, New Orleans, La., for defendant-appellant.

John Volz, U.S. Atty., Curtis L. Collier, Harry W. McSherry, Jr., Robert J. Boitmann, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

Defendant John Francis Meyer was convicted of fraudulently presenting stolen money orders in violation of 18 U.S.C. §§ 2 and 500. On appeal, he argues that the trial judge erred in admitting a transcript of his grand jury testimony.

The parties stipulated at trial that the six money orders involved were stolen and that Meyer had presented them for payment. The only factual issue remaining for resolution at trial was whether Meyer knew, at the time of the presentment, that the money orders were stolen.

Before the grand jury, Meyer, an attorney, testified that he found the money orders slipped under his door. He stated that the money orders, or envelopes in which they came, identified names of clients owing him legal fees. After crediting the

clients' accounts, he filled out and negotiated the instruments.

At trial, the government introduced the six money orders. Five listed Nita Perrin, Joe Sketoe or Terry DeSalvo as purchasers; one specified Meyer as the purchaser. Perrin, Sketoe and DeSalvo testified that they had been Meyer's clients but had paid him in full for his services before the dates indicated on the money orders. In addition, they claimed they were not acquainted with each other and denied that they had ever seen the stolen money orders that Meyer had made out in their names.

Any and all statements of an accused person not excluded by the doctrine of confessions or the privilege against self-incrimination may be used against him as an admission and are not hearsay. *United States v. Evans*, 572 F.2d 455, 488 (5th Cir.), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). Admissions include a defendant's relevant grand jury testimony offered by the government during its case-in-chief. *United States v. Heffington*, 682 F.2d 1075, 1082–83 (5th Cir. 1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 734, 74 L.Ed.2d 957 (1983). Thus, the only issue is whether Meyer's grand jury testimony was irrelevant or obtained in violation of the privilege against self-incrimination.

False exculpatory statements may be used not only to impeach, but also as substantive evidence tending to prove guilt. *United States v. Holbert*, 578 F.2d 128, 129–30 (5th Cir.1978). Meyer's explanation to the grand jury was inherently unbelievable and denied by his former clients and, as such, was relevant to prove consciousness of guilt. *Id.* at 130.[1]

Meyer's Fifth Amendment privilege was not violated by admission of the transcript. A defendant's grand jury testimo-

---

1. Meyer maintains that a false exculpatory statement should not be admitted until the government shows that the defendant *knew* the statement to be false. This contention is not supported by the cases. In each case cited by Meyer, the trial court admitted the exculpatory statement and allowed the jury to decide whether the statement was false and how much weight to give to it. *See United States v. Brown*, 604 F.2d 347, 351 n. 2 (5th Cir.1979); *United States v. Holbert*, 578 F.2d 128, 129–30 (5th Cir.1978); *United States v. Sutherland*, 463 F.2d 641, 646–47 (5th Cir.), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972).

ny, when voluntarily given, is not privileged and may be admissible against him in a later prosecution. *United States v. Ruiz,* 579 F.2d 670, 675–76 (1st Cir.1978). *Accord, United States v. Washington,* 431 U.S. 181, 186–87, 97 S.Ct. 1814, 1818–1819 (1977). Meyer does not allege that his grand jury testimony was coerced or that he was not fully informed of his rights prior to testifying. Consequently, admission of the grand jury transcript does not violate the Fifth Amendment privilege.

Thus, we affirm the judgment of the district court.

AFFIRMED.