986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ahbrae Rynell JONES, Appellant,
v.
Dr. LIONG, Varner Unit, ADC; Mr. Bradberry, Medical
Assistant, Varner Unit, ADC, Appellees.
 No. 92-2320.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 9, 1993.
Filed: February 17, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ahbrae Rynell Jones, an Arkansas prisoner, appeals the magistrate judge's[1] dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Between July 4, 1991, and July 18, 1991, Jones sought medical treatment for chest pain a total of eight times. On each occasion Jones was seen by medical staff. During his initial visit, a nurse took Jones's vital signs, scheduled an electrocardiogram (EKG), discovered a corn on his left foot, and scheduled him for a corn removal procedure at an upcoming callous clinic. Edgar Bradberry, a medical assistant, was present during Jones's EKG. Dr. Liong reviewed Jones's test results, found them to be within normal limits, learned that Jones was a recovering cocaine addict, diagnosed Jones's chest pain as a muscular condition associated with cocaine withdrawal, and prescribed a mild analgesic (Advil). Dr. Liong refused Jones's request for an outside medical consultation because he found no basis for referring Jones to a heart specialist. Jones's July 12, 1991 corn removal was rescheduled when the nurse in charge of the callous clinic became ill.
 
 
 3
 Jones filed this action against Bradberry and Dr. Liong, claiming that Bradberry had mocked him and that Dr. Liong had misdiagnosed his condition, prescribed inadequate treatment, refused to refer him to a heart specialist, and refused to remove his corn. Jones requested the appointment of a medical expert, explaining that he believed he had an undiagnosed heart problem. The court denied Jones's request, conducted a court trial, and entered judgment for defendants. This appeal followed.
 
 
 4
 Denial of medical care can rise to the level of cruel and unusual punishment in violation of the Eighth Amendment if prison personnel show "deliberate indifference" to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). We review the magistrate judge's determinations under the clearly erroneous standard. Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989).
 
 
 5
 The record shows that Jones saw medical staff eight times in fourteen days and that he received appropriate diagnostic tests and therapy. Jones's disagreement with Dr. Liong's diagnosis and prescribed course of treatment is insufficient to establish a constitutional violation. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985). At the very most, Jones's claim is one of malpractice and not cognizable under section 1983. Estelle, 429 U.S. at 106.
 
 
 6
 Even assuming Bradberry mocked Jones, the hurtful comments do not give rise to a constitutional violation. See Wise v. Pea Ridge School Dist., 855 F.2d 560, 565 (8th Cir. 1989).
 
 
 7
 We review the magistrate judge's refusal to appoint a medical expert for Jones for abuse of discretion. See United States v. St. Pierre, 812 F.2d 417, 420 (8th Cir. 1987). The district court was not obligated to provide Jones with an expert witness. See Johnson v. Hubbard, 698 F.2d 286, 288-90 (8th Cir.), cert. denied, 464 U.S. 917 (1983). Jones had the burden of establishing the need for an expert. United States v. Sailer, 552 F.2d 213, 215 (8th Cir.) (per curiam), cert. denied, 431 U.S. 959 (1977). Jones stated only that he believed he had an undiagnosed heart ailment. His case did not involve complex medical questions. He had access to his medical file and an opportunity to cross-examine Dr. Liong. The court did not abuse its discretion in denying Jones's motion. See United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)