993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ward Everette MOHLER, Defendant-Appellant.
 No. 92-5309.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CR-91-131-R-H)
 Richard A. Davis, Charlottesville, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Stephen U. Baer, Assistant United States Attorney, Daniel J. Monroe, Third Year Practice Law Intern, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ward Everette Mohler appeals his conviction of seventeen counts of drug and firearm violations.* Finding no error, we affirm.
 
 
 2
 Following his arrest for theft, Gary Bowman volunteered to become an informant for a drug task force. For the first eight months of 1991, Bowman was used as a cooperating informant and made numerous buys from Mohler and his co-conspirator, Joe Fulk.
 
 
 3
 Typically, Bowman met task force officials at a predesignated meeting spot after he had made contact with Mohler. Bowman and his car were searched for drugs. Outfitted with an electronic transmitter, Bowman was given cash and told what to buy. After the purchase was completed, Bowman returned to the predesignated spot, turned over the purchased drugs, if any, and the transmitter. Bowman would then be questioned.
 
 
 4
 This scenario occurred at least fourteen times. Bowman bought methamphetamine, LSD, and marijuana from Mohler and Fulk. Firearms were seen during a number of the transactions. Mohler was charged with twenty-three drug and firearm offenses. Following a jury trial, Mohler was found guilty on seventeen counts.
 
 
 5
 Mohler's challenges to his convictions are meritless. He first contends that the district court abused its discretion when it denied his motion for appointment of an expert witness to analyze the controlled substances. Counsel for a person unable to pay for necessary expert services may request them. 18 U.S.C.A. § 3006A(e)(1) (West Supp. 1992). The decision to grant or deny such a request is committed to the discretion of the district court. United States v. Goodwin, 770 F.2d 631, 635 (7th Cir. 1985), cert. denied, 474 U.S. 1084 (1986).
 
 
 6
 Here the district court did not abuse its discretion. Mohler simply claimed that he did not believe that the substances were "what the United States Attorney said they were." Without more, this contention does not support a request for necessary services. See United States v. Sailer, 552 F.2d 213 (8th Cir.), cert. denied, 431 U.S. 959 (1977).
 
 
 7
 Mohler next asserts that the district court improperly enhanced his sentence under 18 U.S.C.A. § 924(c)(1) (West Supp. 1992). This Court's holding in United States v. Raynor, 939 F.2d 191 (4th Cir. 1991), is dispositive. Under Raynor, "a conviction on a second firearms count, even though charged in the same indictment as the first, gives rise to the enhanced sentence." 939 F.2d at 193. The district court properly sentenced Mohler to 240 months for his second firearms violation. See 18 U.S.C.A. § 924(c)(1).
 
 
 8
 Mohler claims that the district court erred in finding that he played the role of leader or supervisor. A defendants's offense level may be raised by two levels if the defendant was an organizer or leader. United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1991). A district court's determination that a defendant was a leader or organizer is essentially a factual question reviewable for clear error. United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3563 (U.S. 1991); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246, and 59 U.S.L.W. 3362 (U.S. 1990).
 
 
 9
 The district court's finding that Mohler was a leader or organizer was not clearly erroneous. Evidence at the trial showed that Mohler was involved, in each of at least fourteen transactions, either as the deliverer of the drugs or as the supplier.
 
 
 10
 Mohler contends that the evidence against him was insufficient in three respects: the government informant was not credible, the jury could not have found that the firearms facilitated the underlying crime, and the government proved only Mohler's presence rather than his participation in a conspiracy. The relevant question is whether, after viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the essential elements of the crimes beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 11
 With respect to the claim that the government informant was not believable, the credibility of witnesses is within the sole province of the jury and is not susceptible to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975). With respect to the claim that the jury could not have found that the firearms were carried in relation to the drug trafficking crime, this Court has noted that it is enough if the firearm is present for protection and to facilitate the likelihood of success. United States v. Brockington, 849 F.2d 872 (4th Cir. 1988). The government informant testified that firearms were present on two occasions and that he was intimidated by their presence. Mohler's bald assertion that the evidence was insufficient to establish his participation in a conspiracy is without merit. There was ample evidence at trial of cooperation between Mohler and Fulk to distribute drugs. Sufficient evidence supports the jury's verdict.
 
 
 12
 Finally, Mohler claims his trial attorney was ineffective. This question cannot be raised on appeal absent exceptional circumstances not present here. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992).
 
 
 13
 Accordingly, we affirm Mohler's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Mohler was convicted of one count of conspiracy to possess with intent to distribute methamphetamine, lysergic acid diethylamide, and marijuana, and conspiracy to use or carry a firearm in violation of 21 U.S.C. § 846 (1988), and 18 U.S.C. § 371 (1988); three counts of distribution of lysergic acid diethylamide in violation of 21 U.S.C. § 841(a)(1) (1988); two counts of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992); two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1992), and nine counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1988)