69 F.3d 534
 76 A.F.T.R.2d 95-7130
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert M. NAPERT, Defendant-Appellant.
 No. 94-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 24, 1995.
Decided: October 26, 1995.
 
 Kenneth D. Auerbach, Silver Spring, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Harvey E. Eisenberg, Assistant United States Attorney, Baltimore, MD, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert M. Napert appeals from the district court's order imposing sentence after his conviction on four counts of tax evasion. 26 U.S.C.A. Sec. 7201 (West 1989). The only issue asserted on appeal is that the district court abused its discretion in permitting no more than $1000 in public funds for an accountant to assist Napert at sentencing.[1] Finding no abuse of discretion, we affirm.
 
 
 2
 Napert voluntarily waived appointment of counsel and proceeded to trial pro se. Pursuant to 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1995), stand-by counsel was appointed to assist Napert. After a sixday trial, the jury convicted Napert on four counts of tax evasion for the years 1985 through 1988. With Napert's consent, the district court appointed counsel to represent him during sentencing.
 
 
 3
 The probation officer prepared a presentencing investigation report reflecting that the amount of the tax loss proven during Napert's trial was $38,419. As relevant conduct, the probation officer included additional tax liability for the years 1983, 1984, 1990, 1991, 1992, and 1993. The amount of tax loss increased to $65,059.67, resulting in an increase in the base offense level from level 10 to level 11. See United States Sentencing Commission, Guidelines Manual, Sec. 2T4.1(F) (Nov.1988).[2] Counsel moved for a continuance of the sentencing hearing and for permission to expend $3000 in public funds to employ the services of an accountant to aid in determining the amount of the tax loss. The district court granted the continuance and after a hearing, authorized Napert to expend $1,000 in public funds to employ an accountant. The court found that the tax liability issues were "not so complex as to warrant a higher sum." After the accountant began investigating the case and reviewing documents to determine Napert's tax liability for the relevant years, Napert requested permission to expend an additional $2000 for the accountant's services. With the request, Napert included a detailed summary of the accountant's preliminary findings, in which the accountant noted potential errors in the Government's computations. The district court denied this request, noting that U.S.S.G. Sec. 2T1.1, comment. (n.2), states that the determination of the amount of tax loss for sentencing purposes may be uncertain and that the court need only make a reasonable estimate of the amount.
 
 
 4
 At the sentencing hearing, the parties conceded that the evidence at trial established that the tax loss for the years 1985 through 1988 aggregated $38,419, which resulted in a base offense level of 10. The Government limited its consideration of relevant conduct to the tax loss from 1983 and 1984, years for which Napert failed to file income tax returns.
 
 
 5
 The Government produced a prepared--but not filed--1983 federal income tax return which had been seized, pursuant to a search warrant, from Napert's residence. This return showed that Napert owed $2377 for 1983 taxes. Additionally, the Government presented the testimony of Revenue Agent Anthony Brooks. Brooks analyzed Internal Revenue Service documents reflecting Napert's income and withholdings for 1983 and 1984, and reviewed documents seized from Napert pursuant to a warrant. Brooks concluded that Napert had additional tax liability of $8607 for 1983, and $2653 for 1984.
 
 
 6
 During cross-examination of Brooks, Napert relied upon the preliminary report prepared by his accountant. Brooks explained that each of the deductions or expense items identified by the accountant was included in his computation of the tax liability for the 1983 and 1984 tax years. The district court thereafter found that the additional tax loss includable as relevant conduct for the years 1983 and 1984 totaled $11,260. With a total tax loss in excess of $40,000, Napert's offense level was 11, resulting in a sentencing range of eight to fourteen months. The district court imposed a twelve-month sentence to be followed by a three-year term of supervised release.
 
 
 7
 While an indigent defendant has the right to have public funds expended for expert services to assist in his preparation of a defense, the defendant must show that such services are reasonably necessary to an adequate defense. 18 U.S.C.A. Sec. 3006A(e)(1) (West Supp.1995); see Ake v. Oklahoma, 470 U.S. 68 (1985). In this case, the district court determined that expert assistance was reasonably necessary and authorized the expenditure of $1000 for an accountant. The district court allowed Napert the maximum expenditure absent a finding that additional funds were "necessary to provide fair compensation for services of an unusual character or duration." 18 U.S.C.A. Sec. 3006A(e)(3) (West Supp.1995).
 
 
 8
 Because the Sentencing Guidelines require only a reasonable estimate of the amount of tax loss, U.S.S.G. Sec. 2T1.1, comment. (n.2), we find no abuse of discretion in the district court's refusal to authorize an additional expenditure. See United States v. Perrera, 842 F.2d 73, 77 (4th Cir.) (must show prejudice), cert. denied, 488 U.S. 837 (1988). Moreover, in cross-examining the revenue agent, Napert received forthright answers to all of the questions the accountant intended to investigate had the district court authorized additional funds. We find that Napert has failed to show that additional funds were necessary for service of an unusual character or duration and he failed to show that he was prejudiced by the lack of additional monies for accounting services. See Moore v. Zant, 722 F.2d 640, 649 (11th Cir.1983); United States v. Sailer, 552 F.2d 213, 215 (8th Cir.), cert. denied, 431 U.S. 959 (1977).
 
 
 9
 We therefore affirm the district court's determination of Napert's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We deny Napert's two motions for an extension of time to file his supplemental brief and accordingly deny his motion for leave to proceed on appeal on type-written forms
 
 
 [2]
 The 1988 revised edition of the Guidelines Manual was used in preparing Napert's presentence report because it was more favorable to Napert than the 1993 edition