IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40860

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

MODESTO RAMIREZ,

Defendant-Appellant.

--------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-620-3
October 31, 2000

Before REAVLEY, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Modesto Ramirez appeals his conviction on one count of conspiracy to possess in excess of 1000 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and on one count of possession with intent to distribute 416 pounds of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Ramirez argues that the evidence was insufficient to support his conviction on either count. We disagree and AFFIRM his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction.

This Court reviews a claim of insufficient evidence to determine whether a rational trier of fact could have found that the evidence proved the essential elements of the crime beyond a reasonable doubt.  Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457 (1942); United States v. Ramirez, 145 F.3d 345, 350 (5th Cir. 1998).  The evidence, both direct and circumstantial, and all inferences reasonably drawn from it, is viewed in the light most favorable to the jury's verdict.  United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995).

To prove a drug conspiracy, the Government must establish "1) the existence of an agreement between two or more persons to violate federal narcotics laws; 2) the defendant's knowledge of the agreement; and 3) the defendant's voluntary participation in the agreement."  United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996).  The Government produced ample evidence, through the testimony of Osvaldo Serrano Martinez and Georgi Kirilov, of a conspiracy to distribute illegal narcotics.  Each testified that they had transported drugs for Roberto Ramirez and Frank Hernandez, two charged conspirators.  Martinez further testified to conversations regarding drug shipments that he overheard while working construction at the home of charged conspirator Jose Ramirez.

Mere presence or association with conspirators alone will not support an inference of participation in the conspiracy,

2

United States v. Maltos, 985 F.2d 743, 746 (5th Cir. 1992), there must be some further evidence from which the jury could infer the defendant's knowledge and participation. Id. at 748. In this case, Esmeraldo Guerra testified that Ramirez, during a conversation with other truck drivers following the arrest of Georgi Kirilov, had stated that "they had set up Georgi . . . [and] something else had gone through." The government then called Agent Butler to impeach Guerra's testimony that the remarks were merely idle conversation, or gossip, between drivers. Regardless of the context in which the statements were made, they are consistent with the government's theory at trial that the conspirators would "set up" an individual transporting a relatively small load of marijuana, so a larger load could pass through undetected. It would not have been unreasonable for the jury to infer that the statements described by Guerra evinced Ramirez's involvement in and knowledge of the conspiracy.

Count Three of the indictment charged that Jose and Modesto Ramirez, "aiding and abetting each other," possessed with intent to distribute 416 pounds of marijuana. On September 14, 1993, outside the home of Juan Gerardo Sanchez, police seized a tractor-trailer containing seven duffel bags filled with marijuana. Sanchez had been hired to drive the trailer to California. The government presented significant circumstantial evidence placing Modesto at the scene when the marijuana was loaded into the trailer. First, Modesto had delivered the

3

trailer to Sanchez's home.  After which, a witness reported seeing several men in a white Cadillac and a white El Camino loading something into the trailer.  A later government witness testified to seeing Modesto driving a white El Camino on several occasions.  Modesto's brother-in-law, Valentine Espinoza, owned a white Cadillac.  Espinoza's wife, Modesto's sister, testified that on the night in question Valentine and Modesto were supposed to be together.  Modesto also turned in a false log book showing that he was supposedly between Eloy, Arizona and Buckeye, Arizona on the night the loading took place.  Fuel records, however, showed that he was in fact in Laredo, Texas.  This false assertion is probative of Modesto's guilty knowledge.  See United States v. Meyer, 733 F.2d 362, 363 (5th Cir. 1984) (stating that "[f]alse exculpatory statements may be used . . . as substantive evidence tending to prove guilt").  The evidence is sufficient to show Modesto's constructive possession of the marijuana, see United States v. Jones, 133 F.3d 358, 362 (5th Cir. 1998), and the large quantity of marijuana involved in this case is sufficient to establish the intent to distribute.  United States v. Sanchez, 961 F.2d 1169, 1176 (5th Cir. 1992).  We, therefore, AFFIRM the conviction in its entirety.[1]

---

[1] Believing the evidence is insufficient to support Ramirez's conspiracy conviction, Judge Dennis would reverse the conviction under Count 2 of the indictment.  As to the substantive count, Judge Dennis joins the opinion of the Court.