# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-31128
Summary Calendar

September 11, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID CHARLES JENKINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-279-2

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Charles Jenkins appeals his convictions for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. He argues that the trial court abused its discretion in admitting into evidence an affidavit that Jenkins executed to exculpate his friend, Kamal Leday. He asserts that the affidavit was not inculpatory; it was merely intended to exculpate Leday; it was unfairly prejudicial to him; and the admission of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavit was not harmless error because there is a reasonable probability that the improperly admitted affidavit contributed to his conviction.

The district court did not abuse its discretion in admitting the affidavit into evidence. The district court correctly determined that the statement need not be inculpatory to be admissible under Federal Rule of Evidence 801(d)(2)(A).[1] The evidence in the affidavit was cumulative to the testimony of Corey Barfield, Jenkins's coconspirator, concerning the planning, transportation, and delivery of the cocaine base. Barfield's testimony was corroborated by officers' testimony concerning recorded conversations and their observations during surveillance. Jenkins's counsel argued in closing arguments that Jenkins's affidavit should not be considered a confession, and the trial court instructed the jury to consider the affidavit "with caution and great care." Juries are presumed to follow the district court's instructions.[2] Any error in the admission of the affidavit was harmless as it was cumulative and did not contribute to the verdict.[3]

Jenkins argues that the evidence was insufficient to support his convictions and challenges Barfield's credibility because he changed his story numerous times and he testified against Jenkins in order to get a lesser prison sentence. Barfield's credibility was a matter for the jury, and this court will not reevaluate the jury's credibility determination.[4] Barfield testified that he contacted Jenkins to obtain the crack cocaine because he believed from past experience that Jenkins could supply the drugs; he agreed to meet Jenkins in Lake Charles, Louisiana; he drove to Lafayette in a decoy vehicle; Jenkins transferred a box containing the crack cocaine to Barfield's vehicle shortly after

---

[1] *See United States v. Ndubuisi*, 460 F. App'x 436, 439 (5th Cir. 2012); *United States v. Meyer*, 733 F.2d 362, 263 (5th Cir. 1984).

[2] *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

[3] *See United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008).

[4] *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

they arrived in Lafayette; they went to a Waffle House restaurant across from the designated meeting place; they spoke to a confidential informant and changed the meeting place to a Circle K store; and they drove to the Circle K store and waited for the confidential informant. Barfield's testimony was corroborated by officers' testimony concerning recorded conversations and their observations during surveillance. A jury may infer a conspiratorial agreement from this kind of coordinated activity.[5] Agents also recovered a cell phone belonging to Barfield and two cell phones seized from Jenkins's vehicle; an investigator found that Barfield's name and cell-phone number were stored in one of the cell phones seized from Jenkins's vehicle; and Barfield sent text messages to one of the cell phones seized from Jenkins's vehicle on three dates shortly before the drug transaction. The jury could reasonably infer that Jenkins used the cell phone even though it was actually registered to a third person. The jury found Barfield's testimony sufficient, even though he was testifying in exchange for leniency, and Jenkins does not argue that Barfield's testimony was incredible or insubstantial on its face as a matter of law.[6] If the evidence is viewed in the light most favorable to the jury's verdict, a rational jury could have found that the evidence established beyond a reasonable doubt that Jenkins was guilty of conspiracy to possess with intent to distribute and possession with intent to distribute crack cocaine.[7]

AFFIRMED.

---

[5] *See United States v. Watkins*, 591 F.3d 780, 788 (5th Cir. 2009).

[6] *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).

[7] *See United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011).