# Supreme Court of Florida

_____

No. SC19-1366

_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**JOHN GARCIA,**
Respondent.

May 19, 2022

LAWSON, J.

In the decision on review, _Garcia v. State_, 276 So. 3d 860 (Fla.

3d DCA 2019), the Third District Court of Appeal held that the

evidence was insufficient to support John Garcia's convictions for

second-degree murder and second-degree grand theft.  In so

holding, the Third District applied the special standard for

reviewing convictions based entirely on circumstantial evidence—a

standard of review that we abandoned while _Garcia_ was pending

review in this Court.  _See Bush v. State_, 295 So. 3d 179, 200-01

(Fla. 2020) (holding that "in all cases where the sufficiency of the

evidence is analyzed" the proper standard of review is "whether the State presented competent, substantial evidence to support the verdict"). We have jurisdiction based on the express and direct conflict between *Garcia* and *Bush, see* art. V, § 3(b)(3), Fla. Const., quash the Third District's decision in *Garcia,* and remand with instructions that the Third District reconsider Mr. Garcia's appeal applying the competent, substantial evidence standard of *Bush.*[1]

---

1. Before the State noticed *Bush* as supplemental authority supporting our jurisdiction, it sought discretionary review based on misapplication of prior decisions of this Court. In relevant part, the State argued that, irrespective of the standard of review, the Third District misapplied decisions establishing that lies or inconsistent statements by the defendant can be sufficient to allow a jury to reject a defendant's version of events or theory of defense and thereby uphold a jury's determination of guilt consistent with other evidence. *See, e.g., Finney v. State*, 660 So. 2d 674, 680 (Fla. 1995) ("In light of Finney's inconsistent statements concerning his interactions with the victim and his activities on the day of the murder, the jury was free to reject Finney's version of events as unreasonable."). Here, Mr. Garcia made inconsistent statements, including about never having driven the victim's vehicle and the manner in which he obtained the victim's money, relevant to the sufficiency analysis. *See Simpson v. State*, 562 So. 2d 742, 745 (Fla. 1st DCA 1990) (explaining that a voluntary "false statement would have been admissible in the State's case as substantive evidence tending to affirmatively show a consciousness of guilt on [the defendant's] part"); *see also United States v. Holbert*, 578 F.2d 128, 129 (5th Cir. 1978) ("[F]alse exculpatory statements may be used . . . as substantive evidence tending to prove guilt."). However, because we are remanding for reconsideration in light of *Bush,* which will necessarily require the Third District to examine

- 2 -

It is so ordered.

CANADY, C.J., and POLSTON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

I adhere to my dissent in *Bush v. State*, 295 So. 3d 179 (Fla. 2020), wherein this Court abandoned the long-applied heightened standard of review for wholly circumstantial evidence cases. However, recognizing that the standard has been abandoned, I concur with the majority to the extent that it remands this case to the Third District Court of Appeal for reconsideration using the competent, substantial evidence standard.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

Third District – Case No. 3D15-2815

(Miami-Dade County)

Ashley Moody, Attorney General, Tallahassee, Florida, Michael W. Mervine, Bureau Chief, and Asad Ali, Assistant Attorney General, Miami, Florida,

sufficiency anew, we decline to reach the merits of the State's original jurisdictional argument that the Third District's decision misapplies decisions such as *Finney*.

- 3 -

for Petitioner

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

for Respondent